*PH*

**IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RECEIVED
11-19-12
NOV 19, 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**FILED**
11/27/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KEVIN SROGA,
        Plaintiff,

Vs.

**SGT. *De Jesus*** and Six (6) additional
JOHN DOE Chicago Police Officers,
Individually, and THE CITY OF
CHICAGO,
        Defendants,

   )

**12CV9288
JUDGE FEINERMAN
MAG. JUDGE COLE**

)
)
)
)
)

Complaint for Federal Civil Right Violations
and Other State Supplemental Claims

Jury Demand

---

## CIVIL COMPLAINT

Now comes the Plaintiff, **Kevin Sroga**, complaining of the Defendants, SGT.
***DE JESUS*** and six (6) additional Chicago John Doe Police Officers and ***THE CITY
OF CHICAGO***, who complains and states as follows:

## **INTRODUCTION**

This Civil action arises under the United States Constitution and the laws of the
United States under the Civil Rights Act of 1871 as this action is being brought
pursuant to those violations of the United States Constitution, and the laws enacted
thereunder, seeking damages against Defendants, specifically under the Civil Rights
Act of 1871 *(42 U.S.C Section 1983)* to redress deprivations of those Civil Rights
against the Plaintiff that were accomplished by acts and or omissions that Defendants
committed under color of state law during the course of their employed activities
working as Chicago Police Officers.

1

## JURISDICTION AND VENUE

1.     Jurisdiction is based upon 28 U.S.C. Sections 1331, 1343(a), and 1367(a).

2.      Venue is proper and lies within the United States District Court, Northern

District of Illinois, pursuant to 28 U.S.C. Section 1391(b), because all events or

omissions giving rise to this claim occurred in this district.


## PARTIES

3.     At all times herein mentioned, plaintiff is citizen of the United States who

resides within the City of Chicago, State of Illinois and within the jurisdiction of

this Court.

4.     At all times herein mentioned, all Seven **(7)** Defendant Chicago Police

Officers were employed by the City of Chicago acting under color of state law as

employees, agents, and or representatives for the City of Chicago.

These Defendants are being sued in their individual/personal capacities.

5.     At all times herein mentioned, Defendant ***CITY OF CHICAGO*** is and was a

municipal corporation, duly organized under the laws of the State of Illinois, and

is the primary employer of these Defendant Officers, whereby the Defendant *City*

*of Chicago* is responsible for training, maintaining, managing, supervising and

operating the Chicago Police Department.


## STATEMENT OF FACTS

6.     Plaintiff resides in a residential property divided by two separate property

addresses @ the location of 3341-43 w. Crystal St. in Chicago IL.

7.   On the early morning of **November 17th 2010** @ approximately 6:15 A.M.,
Plaintiff awoke to unusual noises coming from within his residence.

8.   At first, plaintiff thought that the unusual noises may have been from his father,
but then noticed more than a single set of sounds and multiple vibrations in a very
abrupt and devious manner.

9.   Still half asleep, plaintiff went to investigate these unusual loud noises whereby
discovering his father still asleep in bed.

10.   Plaintiff informed / announced to his father **"that someone was in their
house."**

11.   Plaintiff then went to his front door (fearing that someone had broken in to their
residence and was potentially in the process of burglarizing their property).

12.   Plaintiff then opened his front entry door to discover two additional (locked)
entry vestibule doors wedged completely wide open and a Chicago Police vehicle
(Beat tag later identified as that of 1422R) parked outside of his residence.

13.   Upon discovering this and still half asleep, plaintiff immediately shouted out
**"Hello."**

14.   Upon plaintiff immediately shouting out **"Hello,"** a response was given by an
unidentified John Doe defendant stating **"Police."**

15.   Plaintiff's responded by stating that **"I can see that, what are you doing?"**

16.   Plaintiff was then immediately confronted by an officer embracing an
automatic (military style) assault rifle.

17.   Simultaneously, plaintiff was then converged upon and surrounded by other
defendant officers coming out of different areas from within plaintiff's property.

18.     Plaintiff was in the process of questioning one of the uniformed defendant officers when upon a civilian dressed officer (later identified himself to be a Sgt. *DE JUSUS)* abruptly intervened.

19.     Upon this intervention, plaintiff questioned the officers on how they entered plaintiff's locked and secured premises.

20.     Defendant *De Jesus* immediately stated to the plaintiff to **"shut the fuck up before I throw you in handcuffs."**

21.     Plaintiff then stated **"how the hell did you guys get in here?"** and if they had **"had a warrant?"**

22.     Defendant Sgt. *De Jesus* again, stated to the plaintiff to **"shut the fuck up."**

23.     Plaintiff's response was to **"see the warrant"** and to **"produce a warrant."**

24.     Defendant *De Jesus* responded by again stating **"shut the fuck up before I throw you in cuffs and place you under arrest!"**

25.     The outrageous conduct displayed by Sgt. *De Jesus* put Plaintiff in immediate fear that he was going to be "placed under arrest" as Sgt. *De Jesus* confronted the plaintiff in a very loud, aggressive, intimidating and forceful manner.

26.     Plaintiff then insisted that the officers **"produce a warrant or leave."**

27.     Plaintiff's father appeared on scene because of the loud commotions, shouting and arguing transpiring between defendant *De Jesus* and plaintiff's requests on several occasions to **"leave the premises or produce a warrant."**

28.     Defendants eventually left, but, not before stating to the plaintiff that **"you picked this neighborhood to live in"** and **"welcome to the real Chicago Police Department."**

**29.**    Plaintiff was taken back by the above remarks and clearly understood what the

defendant officer clearly meant.

**30.**    Plaintiff acknowledges that he resides in the Humboldt Park neighborhood in

the City of Chicago, County of Cook, in the State of Illinois, within the confines

of the notorious 14th District Shakespeare Police District.

**31.**    The racial make-up of his long time Humboldt Park neighborhood is

predominately Hispanic and of African American decent.

**32.**    Plaintiff's racial make-up is that of White Caucasian and he is a naturalized

U.S. Citizen.

**33.**    Plaintiff's prior experience with members of the Chicago Police Department

(when referencing the above statements) is that this is how the Chicago Police

roles/operates, and that these are common practices and procedures exercised by

the Chicago Police Department in violation of a person's constitutional right(s).

**34.**    Upon plaintiff personally escorting these defendant officers out and off of his

property, he then noticed several of the Police vehicles (both marked and

unmarked) parked either in front of or near his residence, whereby the plaintiff

then discovered the main entry door (that had been locked and is always locked),

had been extensively damaged, allowing these defendant officers to gain unlawful

entry into the plaintiff's residence with the intent to further engage in such illegal

conduct.

**35.**    Plaintiff did not in anyway consent to the above conduct of these defendant

officers and was @ home in bed not violating any laws at the time of this illegal

Police raid.

36.     Defendant police officers entered and then unlawfully searched plaintiff's residence without consent, legal cause or a justification to do so.

37.     Defendant officers did not have a warrant, consent, permission or exigent circumstances to enter and unlawfully search plaintiff's residence and property.

38.     The aforementioned acts of these defendant police officers were willful, wanton, malicious, oppressive, and were done with a reckless indifference to and/or were an otherwise callous disregard to plaintiff's rights and immunities secured to him under the Constitution of the United States and justify the awarding of exemplary and punitive damages in this cause.

## COUNT I
### Plaintiff against Defendant Officers on Illegal Entry

39.     Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

40.     Plaintiff did not consent to this illegal and unlawful entry of his residence/property nor did anyone else with the authority to do so give the same.

41.     Defendant Officers had no search warrant, consent, exigent circumstances, or any other legal authority to excessively force their way into and enter the plaintiff's locked and secured residence.

42.     By the conduct of these defendant police officers, plaintiff's property was unlawfully breach, damaged, and unlawfully searched.

43. Plaintiff was ultimately deprived of rights, privileges, and immunities secured to him under the Fourth and Fourteenth Amendments of the United States Constitution and the laws enacted thereunder.

Therefore, these defendant police officers and each of them are liable to the plaintiff pursuant to 42 U.S.C. sections 1983- on his ***unlawful entry*** claim.

## COUNT II

### Plaintiff against Defendant Officers on Illegal Search

44. Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

45. Plaintiff did not consent to any search of his residence/property nor did anyone else with authority to do so give the same.

46. Defendant Officers had no search warrant, probable cause, exigent circumstances, or legal authority to either enter or search plaintiff's residence.

47. By the conduct of these defendant police officers, plaintiff was deprived of rights, privileges, and immunities secured to him under the Fourth and Fourteenth Amendments of the United States Constitution and the laws enacted thereunder. Therefore, defendant police officers and each of them are liable to plaintiff pursuant to 42 U.S.C. sections 1983 on his ***Illegal Search*** claim.

## COUNT III

### Plaintiff against Defendant Officers on Civil Conspiracy

48. Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

49.    Defendant police officers knowingly and intentionally schemed and worked together a denial of Plaintiff's rights which included a "meeting of the minds" in which these defendants ultimately reached an agreement amongst themselves in a common plan to unlawfully enter the locked premises of plaintiff's property without any warrant, authority, consent or legal justification to do so, thereby depriving plaintiff of his Constitutional securities granted to him.

50.    These Defendant Officers acting in concert with one another conspired by a concerted action to accomplish an unlawful purpose by an unlawful means.

51.    In furtherance of this conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in this illegal joint activity.

52.    This misconduct described in this Count was undertaken with such malice, willfulness, and a reckless indifference to plaintiff's constitutional rights that it **"shocks the conscience"** of a prudent person.

53.    As a direct result of the Defendants conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws enacted thereunder. Therefore, Defendants are liable pursuant to 42 U.S.C. Section 1983 for *civil conspiracy to deprive plaintiff's constitutional rights*.


## COUNT IV

### Plaintiff against Defendant Officers on Criminal Damage to Property

54.    Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

55.   All Defendants acting under color of state law during the course of their employment and while on duty as State Certified Chicago Police Officers for the Chicago Police Department and City of Chicago, unlawfully and criminally damaged plaintiff's personal and real property without a legal authorization or a legal justification to do so.

56.   These Defendant Police Officers failed to exercise diligently in one way or another and in doing so violated their own **"duty to intervene"** (as state certified sworn members of a City/ Municipal agency during the course of their employed activities) in the prevention of damaging plaintiff's property from being intentionally, willfully, maliciously, wantonly and unjustifiably damaged in a reckless an uncaring manner and to safeguard his constitutional securities.

57.   By reason of the Defendants conduct by "failing to exercise **a *duty to intervene*,**" to safe guard the Plaintiff's rights secured to him under the Constitution of the United States, plaintiff's personal property was willfully, maliciously, wantonly, intentionally, and unjustifiably damaged in a reckless manner rising to the level of Criminal intent to Criminally Damage plaintiff's personal Property.

58.   Therefore, these Defendants and each of them are liable to the Plaintiff for **"Criminal Damage to Property."**


### COUNT V
**Plaintiff against all Defendant Officers for Failure to Intervene**

59.     Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

60.     All Defendants acting under color of state law during the course of their employment and while on duty as State Certified Police Officers for the Chicago Police Department all had a **"duty to intervene"** to either stop, and or to prevent these deeds of misconduct generated by their fellow colleagues and supervisors.

61.     These Defendants failed to exercise diligently in one way or another and violated their own **"duty to intervene"** as state certified sworn members of a City/ Municipal agency during the course of their employed activities in the prevention of violating plaintiff's Constitutional Rights from being intentionally, willfully, maliciously, wantonly and unjustifiably violated in a reckless manner.

62.     By reason of the Defendants conduct by *"failing to exercise* **a duty to intervene,"** plaintiff was deprived of rights, privileges and immunities secured to him under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws enacted thereunder as well as certain State law claims. Therefore, each and all Defendants are liable to Plaintiff under a failure to exercise a **"Duty to Intervene"** doctrine pursuant to 42 U.S.C. Section 1983.


# COUNT VI
## Plaintiff against Defendant SGT. De Jesus on Supervisory Liability

63.     Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

10

64.    Defendant Police Officer ***De Jesus*** holds the rank of Sergeant with the Chicago Police Department as a Supervising Officer of other Chicago Police Officers and in his official position, is in fact considered a Police Supervisor.

65.    Defendant Supervisor ***De Jesus*** while acting under color of state law, approved, condoned, turned a blind eye too, and or took part in the substantial amount of constitutional deprivations set forth against the plaintiff's constitutional securities guaranteed to him under the United States Constitution.

66.    Defendant Supervisor Sgt. ***De Jesus*** failed to exercise his own **"duty to intervene"** as the immediate supervisor of these officers whereby encouraging, initiating, allowing to transpire, turning a blind eye too, and or allowing to continue the constitutional deprivations of plaintiff's rights afforded to him under the United States Constitution and the laws enacted thereunder.

Therefore, Defendant SGT. ***De Jesus*** is liable under the **"Supervisory Doctrine"** pursuant to 42 U.S.C. Section 1983.


## COUNT VII

### Municipal Liability

67.    Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

68.    The Defendant City of Chicago is a Municipal corporation established under its own **"Home Power Rules"** and Regulations.

69.    The Defendant City of Chicago failed to take the necessary precautions to adequately ***"Train and Supervise"*** its Officer agents and the named Defendants.

11

70.     These Defendant(s) City of Chicago and its agent officers worked a

*"deliberate   indifference"* to Plaintiff's securities and rights secured to him under the

Constitution of the United States.

71.     These deliberate indifferences can only be attributed to the City of Chicago's

*"failure to adequately train and supervise"* its agents. Therefore, Defendant City of

Chicago is liable under the **"Municipal Liability"** doctrine pursuant to 42   U.S.C.

Section 1983.


## COUNT VIII
### Intentional Infliction of Emotional Distress

72.     Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if

fully set forth herein.

73.     The acts and outrageous conduct of these Defendant Officers (as set above)

were so extreme and outrageous that these Defendant Officers intended to

cause, or were in a reckless disregard of the probability that their outrageous

conduct would cause severe emotional distress.

74.     The Defendant Officers conduct was undertaken with such malice,

willfulness, and a reckless indifference to plaintiff's rights, that said actions and

conduct did directly and proximately cause emotional distress to plaintiff and

thereby constituted intentional infliction of emotional distress.

75.     As a proximate result of Defendant Officers wrongful acts, plaintiff suffered

damages, including severe emotional distress and anguish.

76.     Therefore, Plaintiff demands judgment against Defendant Officers and for

actual and compensatory damages in an amount deemed at time of trial to be

just fair, and appropriate.

## COUNT IX
### STATE CLAIM RESPONDEAT SUPERIOR

77.     The acts of the these defendant officers described in the supplementary state

law claims specified these Defendant Officers were members or agents of the

Chicago Police Department employed by the City of Chicago in that capacity.

78.     In committing these intentionally willful, malicious and wanton acts

against Plaintiff, Defendants committed them while acting under color of state law

during the scope of their employed activities.

79.     Defendant City of Chicago is the employer Municipality of all Defendants

Officers.

80.     Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as

principal, is liable for its agents' actions.

81.     As a proximate cause of Defendant Officers unlawful acts (which occurred

within their scope of employed activities), Plaintiff suffered injuries including

emotional and damages to personal property.

## COUNT X

### Indemnification Claim Pursuant to 745 ILCS 10/9-102

82.     Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if

fully set forth herein.

13

83.    Illinois law provides that public entities are directed to pay any tort judgment compensatory damages for which employees are liable within the scope of their employment activities.

84.    The acts of the individual Defendant –Officers described in the above claims were willful, wanton and were maliciously committed during the scope of their employment.

85.    Pursuant to the Illinois Tort Immunity Act, **745 ILCS 10/9-102**, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant(s) personnel and its Officers or agents.

*WHEREFORE,* Plaintiff moves this Honorable Court to enter judgment on all counts against named Defendants as follows:

a)    Enter judgment against all defendants as described in each count;

b)    Award compensatory and punitive damages, as determined at trial;

c)    Indemnify any and all Officer Defendants;

d)    Award such other and additional relief that this Honorable Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

(Kevin Sroga, *Plaintiff*

Kevin Sroga
3343 W. Crystal
Chicago, IL 60651
773-401-2716

Dated Before me this 19th day oF November 2012.

14