

IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN SROGA,<br>    Plaintiff,<br>v.<br><br>City of Chicago, DE JESUS<br>el. etc...<br>    Defendants. | )<br>)<br>)<br>)<br>)  U.S.C.A. No. 12 C 9288<br>)<br>)  Honorable Gary Feinerman |

FILED
MAY 10 2013 JH
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S REPLY TO THE DEFENDANTS MOTION TO DISMISS COUNTS IV, VIII, IX FROM HIS COMPLAINT

*NOW COMES THE PLAINTIFF*, Kevin Sroga, who moves this Honorable Court to deny the Defendants Motion to Dismiss Counts IV, VIII, and IX associated with his complaint whereby the plaintiff states as follows:

1) Plaintiff filed suit in this cause on November 19th 2012, alleging *Inter alia* civil right violations by members of the Chicago Police Department for actions of conduct that transpired on November 17th 2010.

2) Defendants filed a motion to dismiss Counts IV, VIII, and IX on or about April 10th 2012 claiming *Inter Alia* that the above counts are time barred associated with a one year statute of limitations.

3) Plaintiff files this response requesting this Honorable Court to deny that Motion where in furtherance of his argument states the following.

1

## ARGUMENT

The Defendants and the City of Chicago raises the statute of limitations as an affirmative defense to escape the wrath of liability associated with this cause. In Illinois, the statute of limitations for personal injury actions is two years from the date of the accident unless the defendant is a governmental agency. Ordinarily, the "City" and/or "Defendants" *maybe* correct that the above counts being moved for dismissal fall under a one year statute of limitations period as governed under the State of Illinois's personal injury law of governmental entities. What the "City" or the "Defendants" fail to realize is that the statute of limitations does not even begin to run until a complainant realizes that he or she was personally injured, in conjunction with the *"DISCOVERY RULE"* and has established a cause of action with regards to his Injuries. Under the *"DISCOVERY RULE,"* a cause of action accrues, and the limitations period begins to run, only when the party seeking relief knows of an injury and that it was wrongfully caused. The date of November 17th 2010 is the date that the officers savagely violated the Plaintiff's rights secured to the Plaintiff under the laws of the United States Constitution. The November 17th 2010 date is *"not"* the same date that the Plaintiff *"DISCOVERED"* or was aware that such constitutional violations had occurred as a result from their actions. In essence, the November 17th 2010 date is not the same date that Plaintiff *"discovered"* such injuries in relation to this cause of action, because according to SGT. De Jesus and other John Doe Chicago Police Officer Defendants, *"they had a search warrant to enter the premises and conduct a search."* Believing that to be the case and true ultimately mislead the Plaintiff in *"believing that the officers' actions were justified and that he was "not"*

2

*injured under color of law nor his constitutional securities violated.*" In essence, the responses given to this Plaintiff about the Defendants "having a warrant to conduct a search of the premises" ultimately mislead the plaintiff into believing that the Defendants conduct was in fact justified under color of law with the "Defendants" having a search warrant.. In addition, this cause of action is governed under a Federal Question Section 1983 Claim(s). Those claims extend to a two-year statue of limitations period in which the Court may extend its supplement authority to entertain and hear State claims in association with this cause of action. Under the *Nature of the Statute of limitations*: The purpose of a statute of Limitations is to require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of his claims. The statute of limitations are intended to prevent stale claims, they do not preclude claims before they are ripe for adjudication. *Mydlach v. Daimlerchrysler* Corp., 875 N.E. 2d 1047; *Guzman v. C.R. Epperson Const., INC.*, 752 N.E. 2d 1069. The purposes of the statute of limitations were not meant to shield a wrong doer; rather, they were meant to provide an opportunity to investigate factors upon which liability is based while the evidence is still discoverable. *Miles v. Hunt*, 725 N.E. 2d @ 779; *Bank of Ravenswood v. City of Chicago*, 717 N.E. 2d @ 478. The Plaintiff in this cause filed a complaint with I.P.R.A. within a reasonable amount of time after this incident arose. From I.P.R.A. plaintiff had knowledge that his logged complaint was then transferred to the Internal Affairs Division of the Chicago Police Department. From there, the Plaintiff had no known knowledge that the "Conduct" complained of violated any of his Constitutional Rights or State Law claims until on

or about one summer day in 2012, when Plaintiff contacted the Internal Affairs Division from the Chicago Police Department seeking an update and thereby requesting any results of what Plaintiff thought was still an ongoing active Investigation. As a result of Plaintiff's phone call to I.A.D., the plaintiff ultimately "discovered" that the "Defendant Officers" in relation to this cause (according to the Internal Affairs Division) had had an arrest warrant for an individual who claimed to have lived in Plaintiff's building, (but in turn was a warrant for a person who had never lived in the Plaintiff's building). An "***Arrest Warrant***" (especially for an individual who has never resided in or on Plaintiff's property) is not the same as a "***Search Warrant!***" To further this, a search warrant does not authorize the POLICE to search the entire Property or Building when there is commercial property involved. Generally, a search warrant would have had a unit number or an apartment number that was authorized to have been searched affixed on such warrant. In addition, the Defendants are not entitled to relief from these claims based on the Statute of Limitations because their "Conduct" was of such that as that they acted in a "willful and wanton manner." Under the Illinois Tort Immunity Act, immunity does not extend to the acts of a public employees which are (1) based on corrupt or malicious motives or (2) which are willful and wanton in nature, although the Act generally protects state employees from liability for injuries caused by an act or omission which is a determination of policy and an exercise of discretion. *Yoder v. Ryan* . N.D. Ill. 2004, 318 F. Supp. 2d @ 601. "Willful and wanton conduct," for purposes of Local Governmental and Governmental Employees Tort Immunity Act, means course of action which shows actual or deliberate intention to cause harm or which not

4

intentional, shows an utter indifference to or a conscious disregard for the rights and safety of others. *Towner by Towner v. Board of Education of the City of Chicago*, App. 1st Dist. 1995, 657 N.E. 2d @ 28. For conduct to be "willful" or "wanton," it must be committed intentionally or under circumstances exhibiting a reckless disregard for the safety and rights of others. *Ozuk v. River Grove board of Education*, 281 Ill. App. 3rd D 239, 666 N.E. 2d 687. **Also,** An intentional act, occurs when someone acting deliberately, does something that hurts another person or damages that person's property. It doesn't matter if a person doesn't intend to injure another person; all that matters is that they acted deliberately or with a complete indifference toward a person's own safety or the safety and rights of others. This also includes failure to exercise ordinary care to prevent an injury after knowledge of impending danger or failure to discover danger when it could have been discovered through ordinary care. SEE. *Ozuk*. In this case, Plaintiff complains that the actions and conduct of these Defendants previously described were of an "intentional act" that entail their actions as "willful and wanton" in nature while committing such actions while acting under color of state law. The granting of the City's motion to dismiss counts IV, VIII and IX (although not discovered until the Summer of 2012), would be just that, a true injustice and a shield from absolute liability.

*Wherefore,* for all of the above and more, the Plaintiff moves this Honorable Court to deny the Defendants motion to dismiss Counts IV, VIII and IX from his complaint based on their affirmative defense of the Statute of Limitations.

Respectfully submitted,

Kevin Sroga

Plaintiff,

3343 w. Crystal
Chicago, IL 60651
773-401-2716

IN THE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

2013 MAY 10 PM 2:30

CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| KEVIN SROGA, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| City of Chicago, DE JESUS el. etc... | ) U.S.C.A. No. 12 C 9288 |
| Defendants. | ) Honorable Gary Feinerman |
| | ) Presiding |

# NOTICE OF FILING

To: City of Chicago – *Victoria R. Benson*- Assistant Corporation Counsel
   30 N. La Salle Street
   Chicago, IL 60602-0000
   8th floor - Civil Litigation

**Please take Notice** that on Friday May 10th 2013, I shall file with the Clerk of the United States District Court located at 219 S. Dearborn St. My reply to your Motion to Dismiss Counts IV, VIII, and IX associated with the above titled cause to be tentatively addressed before the Court on May 16th @ 9:00 a.m. in courtroom 1725 before the Honorable *Feinerman*, whereby proper *Notice* is hereby being personally served upon you.

**Proof of Service Affidavit-**

I, Kevin Sroga, hereby certify that I personally hand delivered a copy of Plaintiff's Motion associated with the above referenced cause to both the Clerk of the District Court and to the Legal Division of the City of Chicago on Friday May 10th 2013, before 5 P.M.

X _/s/ Kevin Sroga_____

1