**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN SROGA, ) | |
| ) | Case No. 12 CV 09288 |
| Plaintiff, ) | |
| ) | Judge Gary Feinerman |
| vs. ) | |
| ) | Magistrate Judge Jeffrey Cole |
| SGT. DEJESUS and Six (6) additional JOHN DOE ) | |
| Chicago Police Officers, Individually, and THE ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT, CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S CIVIL
COMPLAINT, AFFIRMATIVE DEFENSE AND JURY DEMAND**

NOW COMES the Defendant, CITY OF CHICAGO, by and through one of its attorneys, Victoria R. Benson, Assistant Corporation Counsel, for its answer to Plaintiff's Civil Complaint, Affirmative Defense, and Jury Demand, hereby states as follows:

**INTRODUCTION**

This Civil action arises under the United States Constitution and the laws of the United States under the Civil Rights Act of 1871 as this action is being brought pursuant to those violations of the United States Constitution, and the laws enacted thereunder, seeking damages against Defendants, specifically under the Civil Rights Act of 1871 (42 U.S.C. Section 1983) to redress deprivations of those Civil Rights against the Plaintiff that were accomplished by acts and or omissions that Defendants committed under color of state law during the course of their employed activities working as Chicago Police Officers.

**ANSWER**:   This Defendant admits that Plaintiff purports to bring this action under 42 U.S.C.

§ 1983, but denies the remaining allegations contained in this paragraph.

**JURISDICTION AND VENUE**

1.   Jurisdiction is based upon 28 U.S.C. Sections 1331, 1343(a), and 1367(a).

**ANSWER**:   This Defendant admits that jurisdiction is proper.

2. Venue is proper and lies within the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. Section 1391(b), because all events or omissions giving rise to this claim occurred in this district.

**ANSWER**: This Defendant admits the allegations contained in this paragraph.

## PARTIES

3. At all times herein mentioned, plaintiff is [sic] citizen of the United States who resides within the City of Chicago, State of Illinois and within the jurisdiction of this Court.

**ANSWER**: Upon information and belief, this Defendant admits the allegations contained in

this paragraph.

4. At all times herein mentioned, all Seven (7) Defendant Chicago Police Officers were employed by the City of Chicago acting under color of state law as employees, agents, and or representatives for the City of Chicago. These Defendants are being sued in their individual/personal capacities.

**ANSWER**: Upon information and belief, this Defendant admits the allegations contained in

this paragraph.

5. At all times herein mentioned, Defendant CITY OF CHICAGO is and was a municipal corporation, duly organized under the laws of the State of Illinois, and is the primary employer of these Defendant Officers, whereby the Defendant City of Chicago is responsible for training, maintaining, managing, supervising and operating the Chicago Police Department.

**ANSWER**: This Defendant admits it is an Illinois municipal corporation that operates the

Chicago Police Department, but denies the remaining allegations contained in this

paragraph because these allegations contain a vague, incomplete, and/or

inaccurate statement of the law.

## STATEMENT OF FACTS

6. Plaintiff resides in a residential property divided by two separate property addresses @ [sic] the location of 3341-43 w. [sic] Crystal St. in Chicago IL.

**ANSWER**: Upon information and belief, this Defendant admits the allegations contained in

this paragraph.

7. On the early morning of November 17th 2010 @ [sic] approximately 6:15 A.M., Plaintiff awoke to unusual noises coming from within his residence.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

8. At first, plaintiff thought that the unusual noises may have been from his father, but then noticed more than a single set of sounds and multiple vibrations in a very abrupt and devious manner.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

9. Still half asleep, plaintiff went to investigate these unusual loud noises whereby discovering his father still asleep in bed.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

10. Plaintiff informed/announced to his father "that someone was in their house."

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

11. Plaintiff then went to his front door (fearing that someone had broken in to their residence and was potentially in the process of burglarizing their property).

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

12. Plaintiff then opened his front entry door to discover two additional (locked) entry vestibule doors wedged completely wide open and a Chicago Police vehicle (Beat tag later identified as that of 1422R) parked outside of his residence.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

13. Upon discovering this and still half asleep, plaintiff immediately shouted out "Hello."

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

14. Upon plaintiff immediately shouting out "Hello," a response was given by an unidentified John Doe defendant stating "Police."

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

15. Plaintiff's [sic] responded by stating that "I can see that, what are you doing?"

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

16. Plaintiff was then immediately confronted by an officer embracing an automatic (military style) assault rifle.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

17. Simultaneously, plaintiff was then converged upon and surrounded by other defendant officers coming out of different areas from within plaintiff's property.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

18. Plaintiff was in the process of questioning one of the uniformed defendant officers when upon [sic] a civilian dressed officer (later identified himself to be a Sgt. DEJESUS) abruptly intervened.

**ANSWER**: Upon information and belief, this Defendant admits a Sgt. DeJesus spoke with Plaintiff on the date alleged, but lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

19. Upon this intervention, plaintiff questioned the officers on how they entered plaintiff's locked and secured premises.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

20. Defendant De Jesus immediately stated to the plaintiff to "shut the fuck up before I throw you in handcuffs."

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

21. Plaintiff then stated "how the hell did you guys get in here?" and if they had "had a warrant?"

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

22. Defendant Sgt. De Jesus again, stated to the plaintiff to "shut the fuck up."

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

23. Plaintiff's response was to "see the warrant" and to "produce a warrant."

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

24. Defendant De Jesus responded by again stating "shut the fuck up before I throw you in cuffs and place you under arrest!"

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

25. The outrageous conduct displayed by Sgt. De Jesus put Plaintiff in immediate fear that he was going to be "placed under arrest" as Sgt. De Jesus confronted the plaintiff in a very loud, aggressive, intimidating and forceful manner.

**ANSWER**: Upon information and belief, this Defendant denies Plaintiff was confronted in a very loud, aggressive, intimidating and forceful manner, but lacks sufficient

information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

26. Plaintiff then insisted that the officers "produce a warrant or leave."

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

27. Plaintiff's father appeared on scene because of the loud commotions, shouting and arguing transpiring between defendant De Jesus and plaintiff's requests on several occasions to "leave the premises or produce a warrant."

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

28. Defendants eventually left, but, not before stating to the plaintiff that "you picked this neighborhood to live in" and "welcome to the real Chicago Police Department."

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

29. Plaintiff was taken back by the above remarks and clearly understood what the defendant officer clearly meant.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

30. Plaintiff acknowledges that he resides in the Humboldt Park neighborhood in the City of Chicago, County of Cook, in the State of Illinois, within the confines of the notorious 14th District Shakespeare Police District.

**ANSWER**: Upon information and belief, this Defendant admits portions of the Humboldt Park neighborhood, including where Plaintiff resides, are within the confines of the 14th District, but denies the remaining allegations contained in this paragraph.

31. The racial make-up of his long time Humboldt Park neighborhood is predominately Hispanic and of African American decent.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

32. Plaintiff's racial make-up is that of White Caucasian and he is a naturalized U.S. Citizen.

**ANSWER**: This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

33. Plaintiff's prior experience with members of the Chicago Police Department (when referencing the above statements) is that this is how the Chicago Police roles/operates, and that these are common practices and procedures exercised by the Chicago Police Department in violation of a person's constitutional right(s).

**ANSWER**: This Defendant denies there is any common practice or procedure to violate a person's constitutional rights, but lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

34. Upon plaintiff personally escorting these defendant officers out and off of his property, he then noticed several of the Police vehicles (both marked and unmarked) parked either in front of or near his residence, whereby the plaintiff then discovered the main entry door (that had been locked and is always locked), had been extensively damaged, allowing these defendant officers to gain unlawful entry into the plaintiff's residence with the intent to further engage in such illegal conduct.

**ANSWER**: Upon information and belief, this Defendant denies officers damaged Plaintiff's residence, denies officers unlawfully entered the residence, and denies that officers intended to engage in illegal conduct, but lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

35. Plaintiff did not in anyway consent to the above conduct of these defendant officers and was @ [sic] home in bed not violating any laws at the time of this illegal Police raid.

**ANSWER**: Upon information and belief, this Defendant admits Plaintiff did not verbally consent to officers entering and searching his home, denies an "illegal Police raid" took place, but lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

36. Defendant police officers entered and then unlawfully searched plaintiff's residence without consent, legal cause or a justification to do so.

**ANSWER**: Upon information and belief, this Defendant admits officers entered Plaintiff's residence, but denies the remaining allegations contained in this paragraph.

37. Defendant officers did not have a warrant, consent, permission or exigent circumstances to enter and unlawfully search plaintiff's residence and property.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

38. The aforementioned acts of these defendant police officers were willful, wanton, malicious, oppressive, and were done with a reckless indifference to and/or were an otherwise callous disregard to plaintiff's rights and immunities secured to him under the Constitution of the United States and justify the awarding of exemplary and punitive damages in this cause.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

## COUNT I

### Plaintiff against Defendant Officers on Illegal Entry

39. Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

**ANSWER**: This Defendant re-states and re-alleges its answers to all previous paragraphs as and for its answer to this paragraph as if fully set forth herein.

40. Plaintiff did not consent to this illegal and unlawful entry of his residence/property nor did anyone else with the authority to do so give the same.

**ANSWER**: Upon information and belief, this Defendant admits that neither Plaintiff nor anyone else consented to the entry of Plaintiff's residence and/or property, but denies the remaining allegations contained in this paragraph.

41. Defendant Officers had no search warrant, consent, exigent circumstances, or any other legal authority to excessively force their way into and enter the plaintiff's locked and secured residence.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

42. By the conduct of these defendant police officers, plaintiff's property was unlawfully breach, damaged, and unlawfully searched.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

43. Plaintiff was ultimately deprived of rights, privileges, and immunities secured to him under the Fourth and Fourteenth Amendments of the United States Constitution and the laws enacted thereunder. Therefore, these defendant police officers and each of them are liable to the plaintiff pursuant to 42 U.S.C. sections 1983- on his unlawful entry claim.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

## COUNT II

### Plaintiff against Defendant Officers on Illegal Search

44. Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

**ANSWER**: This Defendant re-states and re-alleges its answers to all previous paragraphs as and for its answer to this paragraph as if fully set forth herein.

45. Plaintiff did not consent to any search of his residence/property nor did anyone else with authority to do so give the same.

**ANSWER**: Upon information and belief, this Defendant admits that neither Plaintiff nor anyone else verbally consented to a search of Plaintiff's residence and/or property, but denies the residence/property was searched. Upon information and belief, this Defendant denies the remaining allegations contained in this paragraph.

46. Defendant Officers had no search warrant, probable cause, exigent circumstances, or legal authority to either enter or search plaintiff's residence.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph and denies that Plaintiff's residence was searched.

47. By the conduct of these defendant police officers, plaintiff was deprived of rights, privileges, and immunities secured to him under the Fourth and Fourteenth Amendments of the United States Constitution and the laws enacted thereunder. Therefore, defendant police officers and each of them are liable to plaintiff pursuant to 42 U.S.C. sections 1983 on his Illegal Search claim.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

## COUNT III

### Plaintiff against Defendant Officers on Civil Conspiracy

48. Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

**ANSWER**: This Defendant re-states and re-alleges its answers to all previous paragraphs as and for its answer to this paragraph as if fully set forth herein.

49. Defendant police officers knowingly and intentionally schemed and worked together a denial of Plaintiff's rights which included a "meeting of the minds" in which these defendants ultimately reached an agreement amongst themselves in a common plan to unlawfully enter the locked premises of plaintiff's property without any warrant, authority, consent or legal justification to do so, thereby depriving plaintiff of his Constitutional securities granted to him.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

50. These Defendant Officers acting in concert with one another conspired by a concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

51. In furtherance of this conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in this illegal joint activity.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

52. This misconduct described in this Count was undertaken with such malice, willfulness, and a reckless indifference to plaintiff's constitutional rights that it "shocks the conscience" of a prudent person.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

53. As a direct result of the Defendants conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws enacted thereunder. Therefore, Defendants are liable pursuant to 42 U.S.C. Section 1983 for civil conspiracy to deprive plaintiff's constitutional rights.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

## COUNT IV

**Plaintiff against Defendant Officers on Criminal Damage to Property**

This Defendant makes no answer to the allegations contained in this Count, which was dismissed on June 3, 2013.

## COUNT V

**Plaintiff against all Defendant Officers for Failure to Intervene**

59. Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

**ANSWER**: This Defendant re-states and re-alleges its answers to all previous paragraphs as

and for its answer to this paragraph as if fully set forth herein.

60. All Defendants acting under color of state law during the course of their employment and while on duty as State Certified Police Officers for the Chicago Police Department all had a "duty to intervene" to either stop, and or to prevent these deeds of misconduct generated by their fellow colleagues and supervisors.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in

this paragraph.

61. These Defendants failed to exercise diligently in one way or another and violated their own "duty to intervene" as state certified sworn members of a City/Municipal agency during the course of their employed activities in the prevention of violating plaintiff's Constitutional Rights from being intentionally, willfully, maliciously, wantonly and unjustifiably violated in a reckless manner.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in

this paragraph.

62. By reason of the Defendants conduct by "failing to exercise a duty to intervene," plaintiff was deprived of rights, privileges and immunities secured to him under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws enacted thereunder as well as certain State law claims. Therefore, each and all Defendants are liable to Plaintiff under a failure to exercise a "Duty to Intervene" doctrine pursuant to 42 U.S.C. Section 1983.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in

this paragraph.

**COUNT VI**

**Plaintiff against Defendant SGT. De Jesus on Supervisory Liability**

63. Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

**ANSWER**: This Defendant re-states and re-alleges its answers to all previous paragraphs as and for its answer to this paragraph as if fully set forth herein.

64. Defendant Police Officer De Jesus holds the rank of Sergeant with the Chicago Police Department as a Supervising Officer of other Chicago Police Officers and in his official position, is in fact considered a Police Supervisor.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

65. Defendant Supervisor De Jesus while acting under color of state law, approved, condoned, turned a blind eye too [sic], and or took part in the substantial amount of constitutional deprivations set forth against the plaintiff's constitutional securities guaranteed to him under the United States Constitution.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

66. Defendant Supervisor Sgt. De Jesus failed to exercise his own "duty to intervene" as the immediate supervisor of these officers whereby encouraging, initiating, allowing to transpire, turning a blind eye too [sic], and or allowing to continue the constitutional deprivations of plaintiff's rights afforded to him under the United States Constitution and the laws enacted thereunder. Therefore, Defendant SGT. De Jesus is liable under the "Supervisory Doctrine" pursuant to 42 U.S.C. Section 1983.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

## COUNT VII

### Municipal Liability

67. Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

**ANSWER**: This Defendant re-states and re-alleges its answers to all previous paragraphs as and for its answer to this paragraph as if fully set forth herein.

68. The Defendant City of Chicago is a Municipal corporation established under its own "Home Power Rules" and Regulations.

**ANSWER**: This Defendant admits it is a municipal corporation, but denies the remaining allegations contained in this paragraph because these allegations contain a vague, incomplete, and/or inaccurate statement of the law.

69. The Defendant City of Chicago failed to take the necessary precautions to adequately "Train and Supervise" its Officer agents and the named Defendants.

**ANSWER**: This Defendant denies the allegations contained in this paragraph.

70. These Defendant(s) City of Chicago and its agent officers worked a "deliberate indifference" to Plaintiff's securities and rights secured to him under the Constitution of the United States.

**ANSWER**: This Defendant denies the allegations contained in this paragraph.

71. These deliberate indifferences can only be attributed to the City of Chicago's "failure to adequately train and supervise" its agents. Therefore, Defendant City of Chicago is liable under the "Municipal Liability" doctrine pursuant to 42 U.S.C. Section 1983.

**ANSWER**: This Defendant denies the allegations contained in this paragraph.

## COUNT VIII

### Intentional Infliction of Emotional Distress

This Defendant makes no answer to the allegations contained in this Count, which was dismissed on June 3, 2013.

## COUNT IX

### STATE CLAIM RESPONDEAT SUPERIOR

This Defendant makes no answer to the allegations contained in this Count, which was dismissed on June 3, 2013.

## COUNT X

### Indemnification Claim Pursuant to 745 ILCS 10/9-102

82. Plaintiff hereby re-alleges and reincorporates all previous paragraphs as if fully set forth herein.

**ANSWER**: This Defendant re-states and re-alleges its answers to all previous paragraphs as and for its answer to this paragraph as if fully set forth herein.

83. Illinois law provides that public entities are directed to pay any tort judgment compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**: This Defendant admits the allegations contained in this paragraph, but denies Plaintiff is entitled to any judgment in any amount whatsoever.

84. The acts of the individual Defendant-Officers described in the above claims were willful, wanton and were maliciously committed during the scope of their employment.

**ANSWER**: Upon information and belief, this Defendant denies the allegations contained in this paragraph.

85. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant(s) personnel and its Officers or agents.

**ANSWER**: This Defendant admits the existence of the Illinois Tort Immunity Act, 745 ILCS 10/9-102, but denies Plaintiff is entitled to any judgment in any amount whatsoever.

WHEREFORE, Defendant, CITY OF CHICAGO, respectfully requests that this Court enter judgment in its favor and against Plaintiff, including for costs for defending this suit, and for any other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSE

The City of Chicago is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

**JURY DEMAND**

Defendant City of Chicago hereby demands a jury trial for all issues so triable.

    Respectfully submitted,

    /s/ Victoria R. Benson
    Victoria R. Benson
    Assistant Corporation Counsel

30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (FAX)
Atty. No. 6282508